**IN THE COURT OF APPEALS OF TENNESSEE**
**EASTERN SECTION**

**FILED**

**July 24, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| DANIEL W. SMITH, | ) | LOUDON CHANCERY |
| | ) | |
| Plaintiff/Appellee | ) | |
| | ) | |
| v. | ) | NO. 03A01-9704-CH-00127 |
| | ) | |
| M. L. WALLER, JR. and | ) | HON. FRANK V. WILLIAMS, III |
| JOYCE C. WALLER, | ) | |
| | ) | |
| Defendants/Appellants | ) | MODIFIED and |
| | ) | REMANDED |


C. Paul Harrison, Knoxville, for Appellants

James Harvey Stutts, Sweetwater, for Appellee


**O P I N I O N**


_____INMAN, Senior Judge


This action was filed in Chancery Court for damages for breach of contract. The plaintiff leased certain premises from the defendants, who allegedly terminated his tenancy and refused to recognize a renewal option, thereby triggering the complaint for damages.

As pertinent to the case before us, the lease provides that "In the event of any dispute or disagreement among the parties hereto or to any obligation or duty required herein the said parties shall arbitrate such dispute . . . and the three [arbitrators] after hearing the facts concerning the matter in dispute, shall *arbitrate the matter* [emphasis added] and their . . . decision shall be final and binding on the parties hereto."

Relying upon the quoted lease provision the defendants filed a motion to dismiss. The plaintiff responded that he had requested that the dispute be submitted to arbitration, and that his request was ignored which ought to estop the defendants from their reliance on the arbitration provision since the plaintiff "has incurred costs,

attorney's fees and trial preparation expenses." Alternatively, he requested that the motion to dismiss should be treated as an application for arbitration pursuant to the Uniform Arbitration Act, T. C. A. § 29-5-301 *et seq.*

The record does not reflect how the case found its way to arbitration, whether by Order of the Chancellor or by agreement. In any event, a panel of three arbitrators heard the dispute.

The predicate lease provides only that the arbitrators "shall arbitrate the matter in dispute." Various matters were in dispute; the arbitrators found that the defendants violated the leasehold interests of the plaintiff and awarded damages of $4,320.00 for "personal property on site." They also awarded attorney fees to the plaintiff of $2,562.50.

The defendants thereupon filed a motion to 'vacate and/or modify award,' alleging that the award of attorney's fees was beyond the authority of the arbitrators, since neither the lease nor the statute [the Uniform Arbitration Act] provides for attorney fees. This motion was overruled by the Chancellor who relied upon an unreported decision of this Court, *R. D. Robinson, Inc. v. DQHSX, Inc.,* No. 03A01-9405-CH-00175, Eastern Section, October 1994, wherein an award of attorney fees by an arbitrator, upheld by the Chancellor, was affirmed.[1] The defendant appeals, insisting that the award of attorney fees was unjustified as beyond the authority of the arbitrators.

This Court is mandated to review the decision of the trial court in an arbitration case under a "clearly erroneous" standard, which requires deferential treatment. *Arnold v. Morgan Keegan Co., Inc.,* 914 S.W.2d 445 (Tenn. 1996).

*Arnold* is clear on the point that an arbitration award is not subject to the preponderant evidence standard of review, and moreover, "that it is not subject to vacation for a mere mistake of fact or law." *Id.* at 451. Quoting with approval from

---

[1]Appellant insists that *Robinson* was wrongfully decided, and roundly exegetes it, apparently assuming the contract made no provision for attorney fees, which were allowed notwithstanding. Overlooked is the decisive fact that the *parties treated the contract* as providing for attorney fees, but *with no specific limitation* on the award. Hence, the arbitration was justified on a "fair and equitable basis." It appears to be consonant with *Arnold v. Morgan Keegan Co., Inc.,* 914 S.W.2d 445 (Tenn. 1996)*,* decided two years later.

*Carolina Fashion Exhibitors v. Gunter,* 41 N. C. App. 407, 255 S.E.2d 414 (1979),

*Arnold* holds:

> "If an arbitrator makes a mistake, either as to law or fact, it is a misfortune of the party, and there is no help for it. There is no right of appeal and the Court has no power to revise the decisions of "judges who are of the parties' own choosing." An [arbitration] award is intended to settle the matter in controversy, and thus save the expense of litigation. If a mistake be a sufficient ground for setting aside an award, it opens a door for coming into court in almost every case; for in nine cases out of ten some mistake, either of law or fact, may be suggested by the dissatisfied party. Thus arbitration, instead of ending, would tend to increase litigation."

*Id.* at 451.

But *Arnold* also recognizes that arbitrators 'exceed the powers' when they go beyond the scope of authority granted by the arbitration agreement. T. C. A. § 29-5-313(a) provides that the Court *shall* vacate an award where (3) the arbitrators exceeded their powers. We think the arbitrators in the case at hand exceeded their powers in the award of attorney fees.

We cannot rationalize the anomaly created by allowing an arbitrator to award attorney fees as contrasted to a trial court which indisputably could not make such an award in the exact circumstances absent contractual or statutory authority. It is well settled in this jurisdiction that attorney fees cannot be awarded in contract disputes unless the contract or applicable statutory or decisional law so provides. *Guess v. Maury,* 726 S.W.2d 906 (Tenn. App. 1986). In the case at bar, the lease makes no provision for any specific recovery, whether fees, costs, expenses, damages or whatever. It merely provides that the arbitrators, after hearing the matter in dispute, "shall arbitrate the matter," which sufficiently focuses the issues. T. C. A. § 29-5-302.

The lease does not provide for attorney fees; unlike *Robinson,* there was no concession or interpretive agreement about such fees, and moreover, it was not a "matter in dispute." The award was therefore beyond the authority of the arbitrators, unless, as the appellee argues, there was a factual basis for the award which, under *Arnold*, should be approved under the clearly erroneous standard.

The appellee insists that because his initial request to arbitrate the dispute was ignored, thereby compelling the litigation with resultant expenses, the arbitrators were justified in awarding him attorney fees, especially since the lease does not limit

3

the remedies available to them, which may be applied on a "fair and equitable basis." This argument is attractive, but it cannot overcome the plain barrier of the lack of authority. Arbitrators do not have *carte blanche* powers; they are confined to interpretation and application . . . of the agreement, *International Talent Group, supra.* We conclude that the award of attorney fees is clearly erroneous. Pursuant to the authority of T. C. A. § 29-5-314(b), the decision of the arbitrators and the judgment entered thereon is modified by eliding therefrom the award of attorney fees. Costs are assessed to the appellee and the case is remanded.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge

4